**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HUGH RICHARD DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | ______________________ |
| v. | ) | |
| | ) | |
| DAVIS DEVELOPMENT, INC. and DAVIS DEVELOPMENT 401(K) PLAN, | ) ) ) ) | |
| Defendants. | | |

## COMPLAINT

COMES NOW, HUGH RICHARD DAVIS ("Plaintiff"), by and through his undersigned counsel, files this Complaint against DAVIS DEVELOPMENT, INC. ("Employer") and DAVIS DEVELOPMENT 401(K) PLAN (the "Plan") respectfully showing this Court as follows:

## INTRODUCTION

1.

At all times relevant in the Complaint, Plaintiff was an employee of Employer and participant of the Plan. Plaintiff brings this action for breach of fiduciary duty and benefits due under the Plan, arising out of unauthorized distributions, under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001.

*et seq*. ("ERISA") against Employer and the Plan. As alleged herein, Employer breached its fiduciary duty of prudence with respect to the Plan and initiated unauthorized distributions in violation of ERISA and the Plan, to the detriment of Plaintiff as a participant of the Plan, by preventing Plaintiff from receiving benefits due under the Plan.

**JURISDICTION AND VENUE**

2.

Plaintiff brings this action pursuant to 29 U.S. C. § 1132(a), which provides that participants or beneficiaries in an employee retirement plan may pursue a civil action on behalf of a plan to remedy breaches of fiduciary duty and other violations of ERISA for monetary and appropriate equitable relief.

3.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the laws of the United States, and it has jurisdiction under 29 U.S.C. § 1132(e)(2).

4.

Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), because the Plan was and is administered in Atlanta, Georgia within this District, violations of ERISA took place in this District, and/or Employer resides or may be found in

this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) because a defendant resides and/or does business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## PARTIES

5.

Plaintiff HUGH RICHARD DAVIS is a citizen of Georgia. Plaintiff is a participant in the Plan under 29 U.S.C. § 1002(7) because he and his beneficiaries are eligible to receive benefits under the Plan.

6.

Defendant DAVIS DEVELOPMENT, INC. is a Georgia corporation with its principal office located at 403 Corporate Center Drive, Suite 201, Stockbridge, Georgia 30281. Its registered agent is Lance Chernow, and its registered address is the same as its principal office address.

7.

The Plan is a nominal defendant and at all times relevant herein has been a “defined contribution plan” within the meaning of 29 U.S.C. § 1002(34). The Plan is named as a nominal defendant pursuant to Fed. R. Civ. P. 19 to ensure that complete relief can be granted as to the claims brought on behalf of the Plan. The

Plan may be served through the President of Employer at 403 Corporate Center Drive, Suite 201, Stockbridge, Georgia 30281.

**STATEMENT OF FACTS**

8.

Employer is the plan administrator and is responsible for the Plan's workings and administrative details. Employer is responsible for seeing to it that the terms of the Plan are adhered to by both participants and the agents working on behalf of Employer to administer the Plan.

9.

At all times relevant hereto, Employer is and was a fiduciary of the Plan.

10.

Plaintiff is a participant in the Plan, as defined by the Plan, and has continuously been a participant since 2015.

11.

According to the terms of the Plan, participants such as Plaintiff have the right to periodically direct the Plan, by and through the Plan administrator, as to how the participant wants his or her money invested.

12.

Further, the Plan mandates that participants consent to any distribution from their accounts.

13.

At no point relevant hereto has Plaintiff directed Employer to initiate any distribution of sums within Plaintiff's account.

14.

Nevertheless, Employer initiated two distributions of Plaintiff's money without Plaintiff's knowledge or consent, each an "Unauthorized Distribution".

15.

On July 12, 2018, Tracy Caldwell, employee and agent of Employer, initiated the first Unauthorized Distribution in the amount of $50,000.00 to an unverified third-party using Plaintiff's credentials.

16.

On August 1, 2018, Caldwell initiated the second Unauthorized Distribution in the amount of $80,000.00 to the same unverified third-party using Plaintiff's credentials.

17.

Employer failed to abide by the terms of the Plan and obtain Plaintiff's approval prior to making the Unauthorized Distributions.

18.

ERISA imposes a strict fiduciary duty upon the Plan Administrator to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).

19.

With certain exceptions not relevant here, "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1).

20.

Employer breached the fiduciary duty owed to the Plaintiff when it failed to obtain Plaintiff's consent prior to initiating the Unauthorized Distributions.

21.

ERISA requires that any fiduciary who "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate…" 29 U.S.C. § 1109(a).

22.

As a direct and proximate result of Employer's failures, Plaintiff's interest in the Plan has been depleted by approximately $130,000.00.

23.

Employer exacerbated Plaintiff's injury by failing to make Plaintiff immediately aware of the Unauthorized Distributions.

24.

Employer is liable, at a minimum, to restore Plaintiff's losses in the amount of $130,000.00.

25.

On May 28, 2020, counsel for Plaintiff sent Employer a letter demanding compensation of the lost retirement funds in the amount of $130,000.00, for Employer's mishandling of Plaintiff's retirement account within the Plan. A true and correct copy of the May 28, 2020 demand letter is attached hereto as Exhibit "1".

26.

Thereafter, Employer responded to Plaintiff's demand by denying that Employer is responsible for mishandling Plaintiff's retirement funds and refusing to compensate Plaintiff for his loss. A true and correct copy of the response letter is attached hereto as Exhibit "2".

**COUNT I**
**Breach of Fiduciary Duty**

27.

Plaintiff incorporates Paragraphs 1-26 above as if fully restated herein.

28.

Employer is a fiduciary of the Plan.

29.

ERISA's duty of prudence requires Employer to properly manage, administer, and invest the fund assets with an eye toward ensuring the benefits authorized by the Plan are ultimately paid to participants and benefits.

30.

Under the Plan, Employer was responsible for obtaining Plaintiff's consent prior to initiating any distribution.

31.

As described, *inter alia*, Employer breached its fiduciary duty by improperly managing, administering, and investing Plaintiff's money within the Plan when it initiated the Unauthorized Distributions without Plaintiff's prior consent.

32.

As a direct and proximate cause of Employer's breach, Plaintiff suffered substantial losses in the amount of $130,000.00 and, pursuant to 29 U.S.C. § 1109(a), Employer is liable to Plaintiff for the damages arising out of the Unauthorized Distributions.

**COUNT II**
**Negligence**

33.

Plaintiff incorporates Paragraphs 1-32 above as if fully restated herein.

34.

Employer owes Plaintiff a duty to exercise reasonable care in the handling, management, and distribution of Plaintiff's account funds within the Plan.

35.

Employer breached its duty to Plaintiff when it paid retirement funds to an unauthorized account through the Unauthorized Distributions.

36.

Employer's failure to exercise the necessary care caused the Plaintiff's retirement account to be depleted by $130,000.00, and prevented those retirement funds to accrue additional value for the period following the Unauthorized Disbursements.

37.

As a result of Employer's negligence, Plaintiff has been damaged and is entitled to recover the principal loss of $130,000.00, plus all natural and consequential damages resulting therefrom.

**COUNT III**
**Claim for Attorney's Fees**

38.

Plaintiff incorporates Paragraphs 1-37 above as if fully restated herein.

39.

Plaintiff is entitled to recover the expenses of litigation, including attorney's fees, from Employer pursuant to 29 U.S.C. §1132(g).

40.

Employer has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense. As a direct and proximate result of Employer's conduct, Plaintiff is entitled to recover attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE,** Plaintiff prays for the following relief from the Court:

(a) Issuance of Summons to Defendants and service upon Defendants;

(b) A determination that Employer has breached its fiduciary duty to Plaintiff pursuant to ERISA, 29 U.S.C. §§ 1001 *et seq.*;

(c) An award of damages against Defendants for the unpaid contributions, pursuant to 29 U.S.C. §§ 1109(a) and 1132(a)(1)(B);

(d) In the alternative, an award of "make whole" or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3);

(e) An award of reasonable attorney's fees and costs of the action, pursuant to 29 U.S.C. §1132(g);

(f) An award for damages due to Defendants' negligence,

(g) An award of pre-judgment interest;

(h) A trial by jury; and

(i) Any such other and further relief as this Court deems just and fair.

Respectfully submitted this 16th day of March, 2021.

**SCHULTEN WARD TURNER & WEISS, LLP**

*/s/ J. Zachary Zimmerman*

J. Zachary Zimmerman, Georgia Bar No. 785135
Megan E. Naioti, Georgia Bar No. 128253
*Counsel for Plaintiff*

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Facsimile)
z.zimmerman@swtwlaw.com
m.naioti@swtwlaw.com